IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Dwight Xavier Jones, | ) | C/A No. 3:10-2824-HMH-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| J. Merrill; LT Jeff Simmons, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Dwight Xavier Jones, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1981 alleging a violation of his constitutional rights. This matter is before the court on the plaintiff's letter complaining that he does not have access to a law library and requesting medical records, motions for a forensic investigation, and motions to compel (ECF Nos. 17, 21, 27, 28, 30, 51, & 54) and on the defendants' motion for a protective order (ECF No. 48).

To the extent Plaintiff's letter (ECF No. 17) seeks to amend his Complaint to assert a claim based on a denial of access to the courts, his request to amend is denied. Plaintiff must pursue such unrelated claim in a separate action. To the extent he requests that the court give him "consent" for his mother to obtain copies of his medical records, it does not appear that a court order is necessary for Plaintiff to grant consent for his mother to obtain copies of his records. Accordingly, his request is denied as moot.

Plaintiff has filed multiple motions asking the court to have "the Marshall's or some type of expert like a criminalist" perform a forensic investigation on his behalf. (See, e.g., ECF No. 21.) To the extent Plaintiff requests that the court order an investigation to assist him in proving his case, such a request must be denied. Cf. United States v. MacCollom, 426 U.S. 317, 321 (1976) ("The established rule is that the expenditure of public funds is proper only when authorized by Congress,

not that public funds may be expended unless prohibited by Congress."); Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant."); Boring v. Kozakiewicz, 833 F.2d 468 (3d Cir. 1987) (upholding the district court's denial of a civil plaintiff's request for funds to pay an expert medical witness and observing that neither 28 U.S.C. § 1915 nor any other authority provides for such funding). To the extent that Plaintiff requests that the court itself to perform this investigation, such a request must be denied, as it is inappropriate for the court to engage in independent factual investigation. See Raspberry v. Spradling, 558 F.2d 257, 257 (5th Cir. 1977) (holding that the district court's acceptance of a recommendation to dismiss did not comport with the Federal Rules of Civil Procedure or governing case law where the magistrate judge did not rule on the sufficiency of the complaint but rather conducted an independent, *ex parte* factual investigation, including interviews of one or more witnesses). Accordingly, Plaintiff's motions for a forensic investigation are denied.

Plaintiff has also filed multiple motions to compel, claiming that the defendants failed to respond to his interrogatory requests. However, the defendants assert that Plaintiff failed to serve them with his interrogatory requests and Plaintiff has provided no certificate of service demonstrating that he timely served the defendants with these requests in accordance with the court's scheduling order. Accordingly, Plaintiff's motions to compel must be denied (ECF Nos. 27, 30, & 54) and the defendants motion for a protective order must be granted (ECF No. 48).

**IT IS SO ORDERED.**

/s/ Paige J. Gossett

August 22, 2011                                  Paige J. Gossett
Columbia, South Carolina              UNITED STATES MAGISTRATE JUDGE