IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Dwight Xavier Jones, | ) | C/A No. 3:10-2824-HMH-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| J. Merrill; LT Jeff Simmons, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Dwight Xavier Jones ("Plaintiff"), a self-represented state prisoner, filed this action alleging a violation of his constitutional rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion for summary judgment. (ECF No. 74.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 75.) Plaintiff filed a response in opposition to the defendants' motion. (ECF No. 80.) The defendants later supplemented their motion (ECF No. 94) and Plaintiff filed a reply (ECF No. 96). Having reviewed the parties' submissions and the applicable law, the court finds that the defendants' motion should be granted.

**BACKGROUND**

The allegations in Plaintiff's Complaint stem from an incident that occurred on May 15, 2010 involving a dispute between Plaintiff and Gill Jones, Sr. at or near the residence of Gill Jones that ultimately resulted in shots being fired and Plaintiff sustaining one or more gunshot wounds. (Compl., ECF No. 1 at 3.) Plaintiff admits in his Complaint that he fired a shotgun during this incident, but alleges that Gill Jones was firing a weapon at him. Plaintiff further appears to allege

that during the skirmish that followed, Gill Jones "pistol whipp[ed]" him and that he was "stamped [*sic*] and kicked in the head." (Id.) Plaintiff alleges that during the investigation and subsequent arrest and prosecution following this incident, members of the City of Cayce Police Department violated his constitutional rights. Plaintiff appears to argue that the arrest warrant "contains libel" and appears to challenge the validity of the warrant. Plaintiff also appears to allege that Defendant Merrill committed perjury at the August 2010 preliminary hearing and made false statements in his affidavit.

The defendants state that Detective Jason Merrill led the investigation of the May 15, 2010 incident and was assisted by other officers, including Jeff Simmons. As part of the investigation the defendants interviewed several witnesses, including the alleged victim. The investigation resulted in the issuance of an arrest warrant against Plaintiff for assault with the intent of killing Gill Jones, Sr. According to the defendants, Plaintiff was subsequently arrested pursuant to that warrant, and later indicted by the Lexington County grand jury for assault with intent to kill. The defendants supplemented their motion for summary judgment on September 13, 2011 and attached a sentencing sheet showing that on August 9, 2011, Plaintiff pled guilty to the offense of assault of a high and aggravated nature stemming from the May 15, 2010 arrest. (ECF No. 94-1 at 1.) In his reply, Plaintiff contends that he has filed an appeal. (ECF No. 96 at 1.)

**DISCUSSION**

**A.     Fourth Amendment Claims**

Liberally construed, Plaintiff's Complaint appears to argue that he was subjected to false arrest and malicious prosecution by the defendants in violation of the Fourth Amendment. To establish a § 1983 claim based on a Fourth Amendment violation for false arrest or imprisonment, a plaintiff must show that the seizure was effected without probable cause. See Brown v. Gilmore,

278 F.3d 362, 367 (4th Cir. 2002); Rogers v. Pendleton, 249 F.3d 279, 294 (4th Cir. 2001); Brooks v. City of Winston-Salem, 85 F.3d 178, 183 (4th Cir. 1996). Thus, there is no § 1983 claim for false arrest unless the officer lacked probable cause. See Street v. Surdyka, 492 F.2d 368, 372-73 (4th Cir. 1974). An arrest made pursuant to a facially valid warrant will not support a claim for false arrest under the Fourth Amendment. See Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir. 1998). Similarly, a Fourth Amendment malicious prosecution claim essentially incorporates the elements of the analogous common law tort, Lambert v. Williams, 223 F.3d 257 (4th Cir. 2000), including a lack of probable cause. See Burrell v. Virginia, 395 F.3d 508, 514 (4th Cir. 2005).

Here, Plaintiff was arrested pursuant to a facially valid warrant. (ECF No. 74-3 at 3.) Additionally, he was ultimately indicted by a grand jury on the charge stemming from the incident that led to his arrest. (Id. at 1-2); see also Gerstein v. Pugh, 420 U.S. 103, 117 n.19 (1975) (holding that "an indictment, fair upon its face, and returned by a properly constituted grand jury, conclusively determines the existence of probable cause"). Further, Plaintiff pled guilty to the assault charge in August 2011 and appears to be serving a sentence of incarceration for that offense and received credit for the time he spent in jail on this charge.[1]

To the extent that Plaintiff is challenging the facial validity of the initial arrest warrant by alleging that Defendant Merrill provided a false affidavit, the court finds this argument entirely unsupported. To prevail on this argument, Plaintiff must show that the officer who obtained the warrant deliberately or with "a reckless disregard for the truth" made material false statements in his affidavit, or omitted from the affidavit "material facts with the intent to make, or with reckless disregard of whether they thereby made, the affidavit misleading." Miller v. Prince George's Cnty.,

---

[1] Thus, it is questionable whether Plaintiff could show that he sustained any injury as a result of any misconduct by the defendants, even if he could show any. See 42 U.S.C. § 1983.

475 F.3d 621, 627 (4th Cir.2007) (internal quotation marks and citation omitted); see also Franks v. Delaware, 438 U.S. 154 (1978). To establish "reckless disregard," a plaintiff must show that the officer acted "with a high degree of awareness of [a statement's] probable falsity" and that "viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported." Id. at 627 (internal quotation marks and citation omitted) (alterations in original). Alternatively, he may show that the officer "failed to inform the judicial officer of facts [the officer] knew would negate probable cause." Id. (internal quotation marks and citation omitted). The false statements or omissions must be material—that is, "necessary to the [judicial officer's] finding of probable cause." Id. at 628 (internal quotation marks and citation omitted). To determine materiality, a reviewing court must "excise the offending inaccuracies and insert the facts recklessly omitted, and then determine whether or not the 'corrected' warrant affidavit would establish probable cause." Id. (internal quotation marks and citation omitted). Although officers are not required to "exhaust every potentially exculpatory lead or resolve every doubt about a suspect's guilt before probable cause is established," Torchinsky v. Siwinski, 942 F.2d 257, 264 (4th Cir. 1991), they may not intentionally lie in their affidavits or recklessly include or exclude material information known to them. Miller, 475 F.3d at 630.

      Here, Defendant Merrill relied upon statements by several witnesses, including the alleged victim, that support the statements in his affidavit. Based on these statements, Merrill had grounds to reasonably believe that Plaintiff had committed the crime alleged, and although Plaintiff generally disputes these statements and provides unsworn witness statements that purportedly support his version of the facts, Plaintiff has presented no evidence that Merrill intentionally lied or recklessly made material omissions to obtain the arrest warrant. Additionally, the court observes that Plaintiff

states in his verified Complaint that during the incident he possessed a shotgun, which he fired. Accordingly, based on the record before the court and the totality of the circumstances, no reasonable jury could find that Plaintiff's arrest was made without probable cause or that the defendants failed to properly investigate this incident.

With regard to Plaintiff's claim for malicious prosecution, such a claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994), as the criminal proceedings have not been terminated in the Plaintiff's favor. In fact, Plaintiff has pled guilty to the assault charge and appears to be currently serving a sentence of incarceration for that offense.

**B.     Other Allegations**

To the extent that Plaintiff's Amended Complaint may be construed to allege any other constitutional violations, the court finds that Plaintiff has failed to plead sufficient facts to state a plausible claim. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1953 (2009). Further, because Plaintiff's § 1983 claims against the defendants fail as a matter of law, the court recommends that supplemental jurisdiction over any state law claims not be exercised pursuant to 28 U.S.C. § 1367(c).

## RECOMMENDATION

For these reasons, the court recommends that the defendants' motion for summary judgment (ECF No. 74) be granted and, to the extent that Plaintiff's Complaint includes any state law claims, that the court decline to exercise supplemental jurisdiction over them.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 8, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).